IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MERRILL LYNCH, PIERCE, FENNER  :
& SMITH INCORPORATED,          :
                               :
                  Plaintiff    :
                               :
       v.                      :  CIVIL ACTION NO. 3:09-CV-4581
                               :
                               :
RANDOLPH MCNEILL               :
                               :
                  Defendant.   :

RECEIVED
SEP 0 9 2009
AT 8:30_____M
WILLIAM T. WALSH
CLERK

## CONSENT ORDER

AND NOW, this ___9th___ day of ___Sept___, 2009, upon consideration of the Complaint and Motion #5 of Plaintiff Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), and the submissions of record, and having determined that:

Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Merrill Lynch has the express right to seek temporary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a panel of duly-appointed arbitrators.

**IT IS HEREBY ORDERED AND DECREED THAT:**

(1) A Temporary Restraining Order issue immediately.

(2) McNeill be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, and/or representative of his new employer, until hearing and thereafter until further Order of this Court, from doing any of the following:

    a) soliciting or otherwise initiating any further contact or communication

with any client of Merrill Lynch or whose name became known to McNeill while in the employ of Merrill Lynch with whom he has not yet communicated prior to the date of this Order, or reinitiate contact with any customer who has not expressed an interest in continuing to do business with McNeill, for the purpose of advising said clients of his new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from Merrill Lynch (excluding McNeill's family and relatives, and any client serviced by McNeill as a registered representative prior to joining Merrill Lynch);

b) using, disclosing, or transmitting for any purpose, including solicitation of said clients, the information contained in the records of Merrill Lynch or concerning its clients, including, but not limited to, the names, addresses, and financial information of said clients; and

c) destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in McNeill's possession or control which were obtained from or contain information derived from any Merrill Lynch records, which pertain to Merrill Lynch clients whom McNeill served or whose names became known to McNeill while employed by Merrill Lynch, or which relate to any of the events alleged in the Complaint in this action;

(3) McNeill, and anyone acting in concert or participation with McNeill, specifically including any agent, employee, officer or representative of McNeill's new employer, are further ordered to return to Merrill Lynch's counsel any and all records, documents and/or other types of

information pertaining to Merrill Lynch customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive and/or any other type of computer or digital information storage device) or memorialized in any other form, within forty-eight (48) hours of notice to McNeill or his counsel of the terms of this Order;

(4) Any and all Customer Information within the possession, custody or control of McNeill that is contained in any computerized form, including on computer software, disks, computer hard drive, and/or any other type of computer or digital information storage device, to the extent that such devise exists, returned pursuant to paragraph 3 above shall be permanently deleted by a Merrill Lynch representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the device. McNeill shall within twenty-four (24) hours permanently delete all emails and attachments to emails containing Customer Information sent from a Merrill Lynch email address to an email address accessible or controlled by McNeill, including but not limited to TSPC@aol.com and pastor@mtzionredbank.org. McNeill, and anyone acting in concert with McNeill, is precluded from reconstituting or in any way restoring any Customer Information deleted pursuant to this paragraph and returned to Merrill Lynch pursuant to paragraph 3 above;

(5) The Court's Order shall remain in full force and effect until such time as either a FINRA arbitration panel renders a final decision on Merrill Lynch's request for permanent injunctive relief or this Court specifically orders otherwise;

(6) Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties be

directed to proceed expeditiously with an arbitration pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure; and

(7) McNeill shall show cause before this Court on the 14th day of Oct, 2009 at 10 o'clock a.m., or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

BY THE COURT:

_____
U.S.D.J.

_____
Christopher S. Koller, Esq.
Counsel for Plaintiff

_____
Robert I. Rabinowitz, Esq.
Counsel for Defendant

4